IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TOMIE BARRAS                                                                    PLAINTIFF

V.                              NO. 3:16-CV-209-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                  DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Tomie Jo Barras, applied for disability benefits on March 24, 2014, alleging her disability began on March 6, 2008. (Tr. at 14) Her claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 25) The Appeals Council denied her request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Barras has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Ms. Barras had not engaged in substantial gainful activity since the alleged onset date of March 6, 2008. (Tr. at 16) At Step Two of the five-step sequential analysis, the ALJ found that Ms. Barras has the following severe impairments:

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

back pain secondary to lumbar degenerative disk disease, affective disorder, anxiety disorder, and attention deficit hyperactivity disorder. *Id.*

After finding that Ms. Barras's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Ms. Barras had the residual functional capacity ("RFC") to perform light work at the unskilled level with additional limitations. (Tr. at 18) Ms. Barras could lift and carry up to 10 pounds frequently and up to 20 pounds occasionally; sit for six hours in an eight-hour workday; stand and/or walk for six hours in an eight-hour workday, and stand for one to two hours at one time without interruption; occasionally climb, stoop, crouch, kneel, and crawl. (Tr. at 18) She could perform unskilled, rote activity; understand, remember, and follow concrete instructions; and maintain superficial contact with supervisors, co-workers, and the general public, which consists of meeting, greeting, making change, and giving simple instructions and directions. *Id.*

The ALJ found that Ms. Barras was unable to perform her past relevant work. (Tr. at 23) At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Barras's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, specifically cashier II and housekeeper. (Tr. at 24) Based on that Step Five determination, the ALJ held that Ms. Barras was not disabled. *(Tr. at 25)*

### III. Discussion:

   A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance, but "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

   B. Ms. Barras's Arguments on Appeal

Ms. Barras argues that the ALJ's decision is not supported by substantial evidence because the ALJ erred in giving little weight to the opinion of her treating psychiatrist. She also complains that her mental limitations were not reflected in the hypothetical question posed to the VE.

The ALJ gave the opinion of Ms. Barras's treating psychiatrist, Elmo Diaz, M.D., little weight, finding that the opinion was not supported by other evidence in the record. (Tr. at 22) A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is

3

not inconsistent with the other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The opinion of a treating physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole. *Id.* An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). A review of the medical record offers support for the weight given to Dr. Diaz's opinion.

Ms. Barras sought counseling for mental impairments from 2013 to 2015. (Tr. at 340-350) Jessica Reed, LCSW, was the primary provider for Ms. Barras, and she diagnosed anxiety-related disorder, mood disorder not otherwise specified, and ADHD not otherwise specified. *Id*. In August 2014, Ms. Barras reported that Zoloft was helping with her symptoms. (Tr. at 544) The following month, she reported that she was doing better and feeling calmer. (Tr. at 537)

Dr. Diaz, who only saw Ms. Barras every three months for medication checks, continued Zoloft and started Vyvanse and Risperdal in February of 2015. (Tr. at 536). By June, Ms. Barras reported that her medications were helping her focus and that she did not get as angry as often. (Tr. at 564)

On April 24, 2014, David Shade, MS, LPEI, performed a psychiatric evaluation. (Tr. at 368) He diagnosed generalized anxiety disorder and mood disorder, but noted

some symptom exaggeration. (Tr. at 373) He noted that Ms. Barras appeared focused, was cooperative, and sustained good eye contact. (Tr. at 369) She reported that she had never been fired from a job and got along well with co-workers. This does not indicate marked difficulty in interacting with others and maintaining work relationships. *See Goose v. Apfel*, 238 F.3d 981, 983 (8th Cir. 2001)(claimant who gets along with others and is described as "cooperative" does not have a marked difficulty in maintaining social functioning).

In June 2014, Catherine Hubbard Adams, Ph.D, completed a psychological consultative examination. (Tr. at 351) Ms. Barras reported no psychiatric hospitalizations, and stated that she got along with others at her last job (managing a liquor store for ten years). (Tr. at 352) A mental status examination indicated adequate grooming, normal thought process, and adequate fund of knowledge. (Tr. at 353) Ms. Barras was oriented to time and place, and she performed well on memory and concentration tests. *Id*. She denied signs of anxiety, panic, and depression. (Tr. at 354)

Ms. Barras did report unstable relationships and mood instability; she seemed to create drama in her life. *Id*. Dr. Adams diagnosed histrionic personality disorder and opined that Ms. Barras would have difficulty maintaining a job due to poor social interactions. *Id*. Even so, during the interview, Ms. Barras communicated in a manner that was effective and intelligible, and she had little difficulty attending to tasks and sustaining concentration and persistence. (Tr. at 353, 354) Ms. Barras's mental status at

the examination and performance on clinical tests undermine Dr. Adams's opinion that Ms. Barras could not maintain employment.

Further compromising Ms. Barras's claims of mental disability are her activities of daily living. She reported caring for personal needs, performing some light chores, caring for her six-year-old daughter, and taking her daughter to and from school. (Tr. at 19) She watched television, talked on the telephone, played cards and video games, read to her daughter, and colored. *Id*. Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Dr. Diaz completed a checkbox mental medical source statement in April of 2015. (Tr. at 22) He identified five mild impairments, five moderate impairments and, in the areas of sustained concentration and persistence, five marked impairments. (Tr. at 441-442) In social interaction, he found one marked impairment; in adaptation, he found three marked impairments. *Id*. He opined that Ms. Barras would be absent from work more than three days per month. *Id*.

First, checkbox opinions "have little evidentiary value when they cite to no medical evidence and provide little or no elaboration." *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Dr. Diaz did not reference any treatment notes or clinical examinations; indeed, his only interaction with Ms. Barras was during medication checks. Ms. Reed was Ms. Barras's primary mental health provider. Moreover, Dr. Diaz's

statement is not supported by Ms. Barras's own reports of her condition and activities, or with the opinions of other medical consultants. Two state-agency psychiatric consultants found in June and July of 2014 that Ms. Barras appeared able to perform simple, repetitive, unskilled work with incidental interpersonal contact and direct and concrete supervision. (Tr. at 98, 135) These opinions are more reflective of Ms. Barras's limitations than that of Dr. Diaz. They comported with Ms. Barras's positive response to treatment and medication, stable mental status examinations, wide range of daily activities, and evidence of symptom exaggeration. The ALJ gave the proper weight to all opinion evidence, and did not err in his decision to discredit Dr. Diaz's report.

Ms. Barras next argues that she was moderately limited in her ability to maintain concentration, persistence, and pace, and that this limitation was not reflected in the ALJ's hypothetical question to the VE. Evidence of moderate limitations at Steps Two and Three are not the same as an RFC assessment by the ALJ. See Social Security Ruling 96-8p 1996 WL 374184 at *4 (limitations associated with the four functional domains are not an RFC assessment but are used to rate the severity of mental impairments at Steps Two and Three). Once an ALJ made determinations at Steps Two and Three, he or she considers the evidence in the record as whole to make an RFC determination, which is then reflected in the hypothetical question. In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that

the claimant can perform in a work setting, after giving appropriate consideration to all of his or her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The ALJ must consider all of the evidence in the record when determining RFC, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ did just that in this case. As discussed above, Ms. Barras's mental status exams, response to treatment, daily activities, and symptom exaggeration gave the ALJ good reason to discount Dr. Diaz's findings of marked limitations in functional areas.

The state-agency consultants offered further support for the RFC determined by the ALJ. The RFC was tailored to Ms. Barras's actual limitations. The hypothetical question limited Ms. Barras to simple, unskilled, concrete work, which accounted for any persistence or pace problems. See *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997)(upholding ALJ's RFC assessment limiting claimant to simple routine, repetitive work, despite him often experiencing deficiencies in concentration, persistence, and pace.) Because the ALJ's hypothetical was based upon an RFC supported by the record as a whole and because it properly incorporated limitations supported by the record, the ALJ's reliance on the VE's testimony was proper. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

## IV. Conclusion:

Substantial evidence supports the Commissioner's decision to deny benefits. The ALJ gave proper weight to the opinion of Ms. Barras's treating doctor and incorporated all of Ms. Barras's limitations in the hypothetical question posed to the VE. The finding that Ms. Barras was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby, is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 30th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE